IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                No. CV 13-1067 JCH/LAM
                                   CR 11-2159 JCH

LARRY L. FRANCO,

        Defendant/Movant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") § 2255 motion [*Doc. 1*],[2] filed on October 30, 2013. Plaintiff/Respondent (hereinafter "the Government") filed a response to the Section 2255 motion on January 31, 2014. [*Doc. 8*]. No reply has been filed and the time for doing so has passed. On June 19, 2014, United States District Judge Judith C. Herrea referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 10*]. Having considered the motion, response, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-11-2159, the undersigned

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-13-1067.

recommends, for the reasons set forth below, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**, and that Case No. CIV-13-1067 be **DISMISSED with prejudice**.

In his Section 2255 motion, Defendant claims that the evidence in his case was insufficient to sustain his conviction, that his counsel was ineffective for failing to raise the issue of the sufficiency of the evidence, and that he did not enter into any economic or commercial activity that had a substantial effect on interstate commerce. [*Doc. 1* at 4-5 and 7-11].

## Factual and Procedural Background

On August 9, 2011, Defendant was charged by indictment with: two counts of Receipt of a Visual Depiction of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256 (Counts 1 and 2); and four counts of Possession of a Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256 (Counts 3-6). [*Doc. 2*, filed in Case No. CR-11-2159]. On April 27, 2012, Defendant entered into a plea agreement with the Government pursuant to which Defendant pled guilty to Count 2 of the indictment. [*Doc. 47*, filed in Case No. CR-11-2159, at 2]. Pursuant to the plea agreement, Defendant waived his appellate rights to "any collateral attack to [his] conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or waiver." *Id.* at 12. On November 7, 2012, the Court sentenced Defendant to 97 months of imprisonment, followed by ten years of supervised release. [*Doc. 72*, filed in Case No. CR-11-2159, at 2-3]. Defendant filed his § 2255 motion on October 30, 2013. [*Doc. 1*].

## Discussion

Defendant claims that the evidence obtained from his hard drives is insufficient to uphold his conviction because (1) the images that were recovered had been deleted or were inaccessible

prior to January 2011, thus they were not in Defendant's possession, and (2) the prosecution failed to show that any of the images were transported through interstate commerce by Defendant. [*Doc. 1* at 4 and 7-9].  Defendant further claims that his counsel was ineffective for failing to raise these two sufficiency of the evidence issues.  *Id.* at 4 and 10.  Finally, Defendant claims that he did not enter into any economic or commercial activity, and that any activities engaged in by Defendant did not have an effect on interstate commerce.  *Id.* at 5 and 10-11.  In response, the Government first contends that Defendant's claims are procedurally barred because he agreed to waive any collateral attack to his conviction pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering his guilty plea or waiver.  [*Doc. 8* at 5]. The Government further contends that Defendant's claims are barred because he failed to raise them on direct appeal, and, if the claims are not barred, that Defendant's claims should fail on the merits.  *Id.* at 6-18.

### *1. Waiver of Right to Collaterally Attack Sentence*

The Court finds that all of Defendant's claims are waived because Defendant's plea agreement precludes his right to collaterally attack his sentence.  The plea agreement states that "Defendant agrees to waive any collateral attack to [his] conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or waiver."  [*Doc. 47*, filed in Case No. CR-11-2159, at 12].  The Tenth Circuit has explained that such waivers are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).  Defendant makes no claim that he did not knowingly and voluntarily agree to the plea and waiver.  Moreover, the plea agreement states that "[D]efendant agrees and represents that his plea of guilty is freely and

3

voluntarily made and not the result of force, threats or promises apart from those set forth in this plea agreement."  [*Doc. 47*, filed in Case No. CR-11-2159, at 12]   In addition, at his plea hearing, the Court asked Defendant if anyone had threatened or coerced him into pleading guilty, and he stated, "No."  [*Doc. 53*, filed in Case No. CR-11-2159, at 6-7, Transcript of Plea Hearing].   The Court also asked Defendant if he was pleading guilty to Count Two of the indictment because he was guilty of that offense and he stated, "Yes, your Honor."  *Id.* at 14-15.   The Court, therefore, finds that Defendant knowingly and voluntarily entered into the waiver to collaterally attack his convictions except on the basis of ineffective assistance of counsel in negotiating or entering into the plea agreement or waiver.   In addition, the Court finds that the other exceptions to the waiver rule are not at issue here.  *See Cockerham*, 237 F.3d at 1182 (explaining that other exceptions include circumstances where the agreement was involuntary or unknowing, where the court relies on an impermissible factor such as race, where the agreement is otherwise unlawful, or where a sentence exceeds the statutory maximum).

With regard to Plaintiff's claim that his counsel was ineffective for failing to raise issues regarding the sufficiency of the evidence, this claim does not appear to challenge the validity of the plea agreement and, thus, has been waived.  *See Cockerham*, 237 F.3d at 1187 (explaining that only ineffective assistance of counsel claims which challenge the validity of the plea or the waiver may proceed when there has been a valid waiver of collateral challenges in the plea agreement). To the extent Defendant is attempting to challenge the validity of the plea agreement based on his claim of ineffective assistance of counsel, Defendant fails to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial.  *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective assistance

4

claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted).  Defendant does not allege that he would not have pleaded guilty absent his attorney's alleged ineffectiveness.  Moreover, Defendant does not set forth any facts that suggest that his counsel could have prevailed on any challenge to the evidence obtained by the prosecution, or how such a challenge may have affected the plea that was negotiated.[3]  Conclusory allegations without a supporting factual basis are insufficient to support a Section 2255 claim.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (*pro se* defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under Section 2255).  In addition, the Court notes that, at Defendant's plea hearing, Defendant was asked by the Court if he was satisfied with the advice and representation that he received from his attorney, and he said "Yes, I am."  [*Doc. 53*, filed in Case No. CR-11-2159, at 10].  Defendant was also asked if he had any complaints regarding his attorney and he said "No."  *Id.*  For these reasons, the Court finds that Defendant's ineffective assistance of counsel claim, if not barred by the waiver in his plea agreement, is without merit and should be denied.

The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief.  The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Therefore, no evidentiary hearing will be held.

---

[3] The Court notes that the very claims Defendant alleges his attorney failed to challenge -- *i.e.*, that the images were not in his possession and were not transported through interstate commerce by Defendant -- were admitted to in Defendant's plea agreement.  *See* [*Doc. 47* at 4-6] (showing that Defendant admitted to downloading child pornography, and that Defendant agreed that his receipt of child pornography "would satisfy the interstate nexus requirement," and that Defendant "knowingly received a visual depiction that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by means of computer").

## **Conclusion**

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's § 2255 Motion be **DENIED**, and that Case No. CIV-13-1067 be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**